# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

KATHLEEN CARR,

          Plaintiff,

v.

STATE OF NEW JERSEY DEPARTMENT
OF HUMAN SERVICES, et al.

          Defendants.

Civil Action No: 13-cv-5478 (PGS)

**MEMORANDUM AND ORDER**

    This matter is before the Court on a motion to dismiss in part pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9). More specifically, Defendants ask the Court to 1) dismiss Count II of the Complaint based upon the Conscientious Employee Protection Act's (CEPA) waiver provision, or alternatively to stay that count of the Complaint; and 2) by way of a letter to a reply memorandum, dismiss the New Jersey Law against Discrimination (LAD) claim.

    With regard to Plaintiff's CEPA claim (Count II) and the LAD claim, Defendant argues that they are barred from being asserted by the doctrine of collateral estoppel since both are being litigated in another lawsuit. That is, the issues raised by Plaintiff in the instant matter are identical to the issues raised by Plaintiff during her hearing before Administrative Law Judge Futey (ALJ Futey), which seeks termination of Plaintiff's employment. *See In the Matter of Kathleen Carr*, Office of Administrative Law, Dkt. No. CSV 740-2, CSV 3844-12, Agency Dkt. 2012-2828. Defendant argues that ALJ Futey, in his August 16, 2013 decision, rejected Plaintiff's CEPA and discrimination claims which were raised during the hearing. After the hearings, ALJ Futey relied upon a recent decision of the New Jersey Supreme Court. *See Winters*

*v. North Hudson Regional Fire and Rescue*, 212 N.J. 67, 72-73 (N.J. 2012); *In Re Kathleen Carr*, OAL Docket No. 3844-12, p. 21 (8/16/13).

Currently, the decision of ALJ Futey is the subject of an appeal to the Superior Court of New Jersey, Appellate Division. When applying collateral estoppel, there is an assessment of considerations such as "finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness." *Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 522 (*quoting Hennessey v. Winslow Twp.*, 183 N.J. 593, 599-600 (N.J. 2005). Since Plaintiff's Complaint has three related counts, it is prudent to stay all counts and await the Appellate Division's decision in order to avoid duplication and confusion. Once the Appellate Division has rendered a decision, either party may seek relief.

## ORDER

This matter having come before the Court on a motion to dismiss in part pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9); and the Court having reviewed the submissions of the parties; for the reasons set forth above;

IT IS on this 9th day of October, 2014,

ORDERED that the motion to administratively stay the matter is granted; and the motion to dismiss is denied without prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.